## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| MONICA ABBOUD, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>HEALTH INSURANCE INNOVATIONS, INC., a Florida corporation,<br><br>　　　　　　　　Defendant. | Case No. 4:19-cv-1035<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Monica Abboud ("Abboud") ("Plaintiff") bring this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Health Insurance Innovations, Inc. ("Defendant" or "HII") to: (1) stop Defendant's practice of placing auto-dialed and pre-recorded voice calls to cellphone owners and (2) to obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, allege as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### JURISDICTION & VENUE

1.　　The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA" or the "Act") a federal statute. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). The alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

1

2. This Court has personal jurisdiction over Defendant HII because it has either directly or through its agents solicited and entered into business contracts in this District, and the calls at issue in this case were directed to cellphone owners and users in this District.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff received the unlawful calls in this District and the calls were directed to persons residing, at least in part, in this District.

## PARTIES

4. Plaintiff Abboud is an individual who resides in Houston, Harris County, Texas.

5. Defendant HII is a corporation incorporated and existing under the laws of the State of Florida whose primary place of business and corporate headquarters is located at 15438 N. Florida Avenue, Suite 201, Tampa, Florida 33613

## COMMON FACTUAL ALLEGATIONS

6. Defendant HII is a health care telemarketer that operates My Benefits Keeper, a healthcare app. HII makes telemarketing calls to persons who may be interested in purchasing health insurance products.

7. All of the calls at issue in this case were made on behalf of, for the benefit of, and with the knowledge and approval of HII.

8. Unfortunately for consumers, HII, in an attempt to secure new health insurance and similar leads, engaged in an aggressive telemarketing campaign—often stepping outside the law in the process. Specifically, Defendant uses pre-recorded voice technology and, on information and belief, an automatic telephone dialing system ("ATDS") to make unsolicited telemarketing calls to cellphone numbers. While such calls to landlines may be permitted under the Act, it is a plain violation of the TCPA, 47 U.S.C. § 227, *et seq.* to make such calls to cellphones without first obtaining prior express consent.

9. Rather than adhere to the requisite rules regarding obtaining consent prior to engaging in telemarketing, Defendant places repeated calls to consumers who have never provided consent (either orally or in writing) to receive such calls.

10. By making unauthorized telemarketing calls as alleged herein, Defendant has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement and receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost ability to place outgoing calls and other interruption in use, cellular minutes, loss of value realized for the monies consumers paid to their carriers for the receipt of such calls, and other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans.

11. Furthermore, Defendant made the calls knowing that the calls trespassed against and interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access, their cellphones, including the related data, software, applications, and hardware components.

12. Defendant knowingly made, and continues to make, repeated autodialed telemarketing calls to cellphone owners without the prior express consent of the recipients. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, it also intentionally and repeatedly violated the TCPA.

13. The calls were made by or on HII's behalf and with its knowledge and approval. HII knew about the calls, received the benefits of the calls, directed that the calls be made, and/or ratified the making of the calls.

14. The TCPA was enacted to protect consumers from unsolicited telephone calls like those alleged in this case. In response to HII's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring HII to cease all unsolicited telephone calling activities to

consumers as complained of herein and an award of statutory damages to the members of the Class, together with costs and reasonable attorneys' fees.

### FACTS SPECIFIC TO PLAINTIFF ABBOUD

15. Plaintiff Abboud is the owner and customary user of a cellphone number ending in 3670.

16. At no time did Plaintiff ever provide her cellphone number to Defendant or provide Defendant, or any of Defendant's agents, with prior express consent to call.

17. Plaintiff Abboud received unsolicited calls from Defendant on or about November 1, 2018. This call was pre-recorded.

18. Plaintiff heard a recorded voice when she answered the calls. Also, she heard a pause and a click on the calls, indicative of an ATDS.

19. All of the calls were made by agents or employees of HII at the direction and oversight of HII. HII knew about, directed, ratified, and benefitted from the calls.

20. Prior to receiving the above-referenced calls, Plaintiff had no relationship with Defendant, had never provided her telephone numbers directly to Defendant, and had never requested that Defendant place calls to her or to offer her any services. Simply put, Plaintiff has never provided any form of prior express consent to Defendant to place telemarketing calls to her phone number and has no business relationship with Defendant.

21. Defendant HII was, and still is, aware that the above-described telemarketing calls were made to consumers like Plaintiff who never provided prior express consent to receive them.

22. By making unsolicited calls as alleged herein, Defendant has caused Plaintiff and members of the Class actual harm. This includes the aggravation, nuisance, and invasions of privacy that result from the placement of such calls, in addition to the wear and tear on their cellphones, interference with the use of their phones, consumption of battery life, loss of value

realized for monies consumers paid to their wireless carriers for the receipt of such calls, and the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing they trespassed against and interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access, their phones, including the related data, software, and hardware components.

23.  To redress these injuries, Plaintiff, on behalf of herself and a Class of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited telemarketing calls to cellular telephones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized calling activities and an award of statutory damages to the class members, together with costs, pre- and post-judgment interest, and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

24.  Plaintiff bring this action in accordance with Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and a Class defined as follows:

> All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) Defendant caused to be called; (3) on the person's phone; (4) for the same purpose as Defendant called Plaintiff; (5) using the same equipment that was used to call the Plaintiff, and (6) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

25.  The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of

any such excluded persons. Plaintiff anticipate the need to amend the class definitions following a period of appropriate discovery.

26. **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but individual joinder is impracticable. On information and belief, Defendant has placed telemarketing calls to thousands of consumers who fall into the defined Class. The number of members of the Class and class membership can be identified through objective criteria, including Defendant's phone records.

27. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the members of the Class sustained the same legal injuries and damages arising out of Defendant's uniform wrongful conduct. If Plaintiff has an entitlement to relief, so do the rest of the Class Members.

28. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions, including class actions under the TCPA. Neither Plaintiff nor her counsel has any interest in conflict with or antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

29. **Commonality and Predominance:** There are questions of law and fact common to the claims of Plaintiff and the Class, and those questions will drive the litigation and predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a)   Whether Defendant's conduct violated the TCPA;

   (b)   Whether the calls were made on behalf of Defendant and/or whether Defendant knew about, approved, or benefitted from the calls;

   (c)   Whether Defendant had prior express consent to place the calls;

(d) Whether the calls were made using a pre-recorded voice;

(e) Whether the calls were made using an ATDS;

(f) Whether Defendant called consumers who requested not to be called; and

(g) Whether Defendant's conduct was willful or knowing such that members of the Class are entitled to treble damages.

30. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render certification of the Class for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

31. **Superiority & Manageability:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227, *et seq.***
**(On behalf of Plaintiff and the Class)**

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. Defendant made or caused to be made calls to Plaintiff's and the other Class Members' phones.

34. These calls were made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant had functionality akin to a predictive dialer, dialed numbers from a list, dialled random numbers, dialled with minimal human intervention, and/or dialed numbers predictively from a database of non-randomized telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers and is an ATDS under the TCPA.

35. Defendant violated the TCPA by making calls using an ATDS to Plaintiff's and other class members' cell phones.

36. Defendant also violated the TCPA by making calls using a pre-recorded voice to Plaintiff's and other class members' cellular and landline phones.

37. The calls were for telemarketing purposes, specifically to apprise Plaintiff and others of the availability of health insurance products and plans.

38. Neither Plaintiff nor any other consumer ever provided prior express written or oral consent under the TCPA to be called by or on behalf of HII.

39. Likewise, neither Plaintiff nor any other consumer ever had an existing business relationship with HII.

40. As a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class suffered actual damages and, under section 47 U.S.C. § 227(c)(5), Plaintiff and each member

of the Class are each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

41. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

42. Plaintiff and the Class members are also entitled to incidental injunctive relief and corresponding declaratory relief as necessary to prevent their future receipt of Defendant's unlawful calls.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of themselves and the Class, pray for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. An injunction requiring Defendant to cease all telemarketing calls made using a pre-recorded voice to cell phones and landlines, and calls made using an ATDS to cellphones, without first obtaining prior express consent to call;

D. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

E. An award of trebled damages if willful or knowing violations are shown;

F. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

G. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

| | |
|---|---|
| Dated: March 20, 2019 | By:   /s/ W. Craft Hughes<br>W. Craft Hughes<br>**HUGHES ELLZEY, LLP**<br>1105 Milford Street<br>Houston, TX 77006<br>Phone: 713-322-6387<br>Fax: (888) 995-3335<br>craft@hughesellzey.com<br><br>Steven L. Woodrow*<br>Patrick H. Peluso*<br>Taylor T. Smith*<br>**WOODROW & PELUSO, LLC**<br>3900 East Mexico Ave., Suite 300<br>Denver, Colorado 80210<br>Telephone: (720) 213-0675<br>Facsimile: (303) 927-0809<br>swoodrow@woodrowpeluso.com<br>ppeluso@woodrowpeluso.com<br>tsmith@woodrowpeluso.com<br><br>Attorneys for Plaintiff and the Class<br><br>* *Pro Hac Vice applications to be filed* |

.