IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONICA ABBOUD, | § | |
| Plaintiff, | § § § | |
| vs. | § § | Civil Action No. 4:19-cv-01035 |
| HEALTH INSURANCE INNOVATIONS, INC., | § § § | |
| Defendant. | § § | |

**DEFENDANT HEALTH INSURANCE INNOVATIONS, INC.'S
MOTION TO DISMISS COMPLAINT AND SUPPORTING MEMORANDUM**

Defendant, Health Insurance Innovations, Inc. ("HII"), pursuant to Fed. R. Civ. P. 12(b)(2), hereby moves for the entry of an order dismissing Plaintiff's Class Action Complaint (ECF No. 1) for lack of personal jurisdiction. The grounds in support of this Motion and the reasons why the Complaint should be dismissed for lack of personal jurisdiction are as follows:

### I.   SUMMARY OF THE ARGUMENT

Plaintiff commenced this civil action and filed a Complaint asserting a claim for statutory relief based upon an alleged unsolicited telephone call received by Plaintiff. The gravamen of the Complaint is that this call was pre-recorded and autodialed, which constitutes a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., ("TCPA").

By this Motion, and pursuant to Fed. R. Civ. P. 12(b)(2), HII requests that this Court dismiss the Complaint for lack of personal jurisdiction. General and specific personal jurisdiction over HII, a non-resident defendant, are absent. HII's modest affiliations with the state of Texas fall well shy of the high bar for general jurisdiction which requires a non-resident defendant being "at home" in this state. Specific jurisdiction cannot be exercised because this action does

not arise out of HII's contacts with this state. Moreover, any "agency" theory of personal jurisdiction was expressly rejected by the United States Supreme Court in a 2014 decision.

## II. NATURE AND STAGE OF THE PROCEEDING

Plaintiff has filed this lawsuit against HII, seeking certification of a class action, declaratory relief, and damages. The Complaint was filed on March 20, 2019, and HII was served on March 25, 2019. On April 16, 2019, the Court granted Defendant's Unopposed Motion for Extension of Time to Respond to Complaint, which extended HII's response deadline until May 6, 2019.

## III. ISSUES TO BE RULED UPON

The issue to be ruled upon by the Court is whether the Court should dismiss Plaintiff's suit against HII pursuant to Rule 12(b)(2) where there is no general or specific jurisdiction over HII in this forum.

## IV. FACTUAL ALLEGATIONS

Plaintiff is a resident of Texas and commenced this action against HII on behalf of herself and others similarly situated. Plaintiff alleges that HII is a foreign corporation. Compl. ¶5. Plaintiff asserts that "agents or employees of HII" initiated an unsolicited telemarketing call to Plaintiff's cellphone. *Id*. at ¶19. Plaintiff claims this call was received "on or about November 1, 2018," and that the "call was pre-recorded." *Id*. at ¶17.

The Complaint contains a single cause of action against HII: the placing of an auto-dialed and pre-recorded call in violation of the TCPA. Plaintiff's claim rests solely on the theory an HII employee and/or agent is responsible for placing the call. Compl. ¶¶2, 7, 13 and 19.

**V.     ARGUMENT: THERE IS NO PERSONAL JURISDICTION OVER HII IN THIS FORUM**

The assertion of personal jurisdiction by a federal district court over a non-resident of the state in which the federal court sits is limited by the Due Process Clause of the Fourteenth Amendment. *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). Texas' long-arm jurisdiction law is coextensive with the limits of the Due Process Clause. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.001–17.093; *Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 969 (S.D. Tex. 2018).

In response to a motion to dismiss for lack of personal jurisdiction, the initial burden is upon the plaintiff to establish sufficient facts to support the existence of jurisdiction. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014). Plaintiff cannot simply rely upon the allegations in the Complaint. *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018). Personal jurisdiction can only be established by demonstrating the existence of either general jurisdiction or specific jurisdiction over a non-resident defendant. *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction permits a court to hear all claims against the non-resident defendant "essentially at home in the forum State"; however, specific jurisdiction over a defendant is confined to claims connected to the non-resident defendant's activities in the forum. *Id*.

In a trilogy of cases, the Supreme Court addressed the contours of general and specific jurisdiction. In *Daimler AG v. Bauman*, 571 U.S. 117 (2014), the Court surveyed the development of recent personal jurisdiction theory and gathered two sets of simple jurisdictional rules to promote greater predictability.

Specific jurisdiction may be properly exercised where the action arises out of or relates to the non-resident defendant's contacts with the forum. *Id*. at 127. A court may assert general

jurisdiction under "only a limited set of affiliations with a forum." *Id*. at 137. With respect to a corporation, it is where the corporation is "at home." *Id*. (citations omitted). Within this context, the *Daimler* Court emphasized that the "paradigm forum" for exercising all-purpose general jurisdiction is the foreign corporation's place of incorporation and principal place of business, subject only to the "exceptional case" where the corporation's operations are "so substantial and of such a nature as to render the corporation at home in that State." *Id*. at 138 and 139 n.19.

Following the *Daimler* decision, the Supreme Court in two opinions further clarified the jurisdictional rules for general and specific jurisdiction. In *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549 (2017), the Supreme Court reinforced the core holding in *Daimler* that the paradigm forum for general all-purpose jurisdiction over a foreign corporation is the state of incorporation or the principal place of business. *Id*. at 1558. For the "exceptional case" in which a foreign corporate defendant's operations in the forum are so substantial that a corporation is "at home" in state, the Supreme Court cautioned that the general jurisdiction analysis does not turn on the amount of the contacts. *Id*. at 1559. To the contrary, the essential inquiry demands an appraisal of the overall activities of the business. *Id*. This holistic approach weeds out false positives as companies that conduct business in several states "can scarcely be deemed at home in all of them." *Id*. (quoting *Daimler*, 571 U.S. at 139 n.20).

To underscore the significant bar that must be met to establish the "exceptional case" for general jurisdiction, the Supreme Court in *BNSF Ry*. held that the non-resident corporation's 2,000 miles of railroad track (6% of its total track), employment of more than 2,000 workers (less than 5% of its total workforce) and only one of its 24 facilities (4%), along with less than 10% of its revenues generated in the State, fell well shy of presenting the exceptional case for the non-resident corporate defendant to be "at home" in the forum. *Id*. at 1554. Expressed as a

bright-line threshold, even a measurable amount of activity by a business enterprise "does not suffice to permit the assertion of general jurisdiction." *Id*. at 1559.

In *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773, 1781 (2017), the Supreme Court applied the "settled principles regarding specific jurisdiction" to emphasize the requisite nexus between the foreign corporation's affiliation with the forum and the underlying claim. Regardless of the level of activities within the forum, specific jurisdiction is absent where the underlying claim has no connection with these activities. *Id*. Case specific jurisdiction may only be exercised where the suit arises out of or relates to the non-resident defendant's contacts with the forum. *Id*. at 1780.

With regard to an imputed theory of personal jurisdiction, the *Daimler* Court expressly rejected "agency" as a basis for such, 571 U.S. at 136, and recent case law in this District has backed this notion. *See Air Tropiques, Sprl v. N. & W. Ins. Co.*, 2014 WL 1323046, at *11 (S.D. Tex. Mar. 31, 2014).

### A. General Jurisdiction is absent because HII is "not at home" in the State of Texas.

As emphasized in *Daimler*, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there. 'For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.'" *Daimler*, 571 U.S. at 137 (quoting *Goodyear*, 564 U.S. at 924). The *Daimler* Court further explained:

> With respect to a corporation, the place of incorporation and principal place of business are "paradig[m] . . . bases for general jurisdiction." Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable. These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims.

*Id*. (citations omitted). *See Monkton Ins. Servs., Ltd.*, 768 at 432.

As a threshold matter, HII is a Delaware limited liability company and maintains its principal place of business in Tampa, Florida. Exhibit A, Gillis Decl. ¶3. Consequently, under *Daimler*, the paradigm forum for general jurisdiction over HII is limited to Delaware or Florida.

Moreover, HII does not "fit into that small, undefined category of other situations in which a foreign corporation is nonetheless essentially at home in" the forum state. *Gonzales v. Seadrill Americas, Inc.*, 2014 WL 2932241, at *3 (S.D. Tex. June 27, 2014) (citations omitted). HII has never maintained any corporate offices in Texas, and does not own any real property or maintain any bank accounts in Texas. Ex. A, Gillis Decl. ¶¶9 and 10. As an organization, HII has approximately 215 employees, of which 38 are employed by American Service Insurance Agency, LLC. *Id*. at ¶11. In 2018, HII had consolidated revenues of approximately $351,097,000, of which approximately $707,541 is attributable to business in Texas, or less than 1%. *Id*. at ¶18. While HII maintains a website, it is generally accessible worldwide and is not specifically directed to residents of Texas for the solicitation of business. *Id*. at ¶19. Furthermore, HII maintains no physical infrastructure or ability to initiate telephone calls from within Texas. *Id*. at ¶20.

The decision in *BNSF Ry*. makes clear that based upon these affiliations it cannot be said that HII is "so heavily engaged in activity" in Texas to render it essentially "at home" in that state. 137 S. Ct. at 1559. HII's registration to do business in Texas also is insufficient under *Daimler* and *BNSF Ry*. to confer general jurisdiction in Texas.

The precedent in *Daimler* and *BNSF Ry*. was applied in recent decisions in this District. In *Agribusiness United DMCC v. Blue Water Shipping Co., Inc.*, the Court granted the defendant's motion to dismiss for lack of personal jurisdiction finding that the defendant's contacts were not sufficient to establish that the company was at home in Texas.

6

2017 WL 1354144, at *6 (S.D. Tex. Apr. 13, 2017). In reaching this conclusion, the court reasoned that maintaining an office and having a registered agent in Texas did not reflect that the defendant had "an expectation of being haled into court for activities unrelated to [its] contacts with Texas." *Id*.; *see also* Haskett v. Cont'l Land Res., LLC, 2015 WL 1419731 (S.D. Tex. Mar. 27, 2015), *vacated & rev'd in part on other grounds*, 668 F. App'x 133 (5th Cir. 2016).

### B. Specific Jurisdiction is absent because HII's in-state activities did not give rise to the claims asserted in this action.

As reinforced in *Bristol-Myers*, specific jurisdiction can be exercised only when the action arises out of or relates to the activities of the non-resident defendant in the forum. 137 S. Ct at 1780. Whether the Fifth Circuit uses a "but for" test or a more narrow approach to determine if the action arises out of or relates to a defendant's contacts with the forum is not crystal clear. *See* Breathwit Marine Contractors, Ltd. v. Deloach Marine Servs., LLC, 994 F. Supp. 2d 845, 851 (S.D. Tex. 2014); *see also* Head, 298 F. Supp. 3d at 971 (S.D. Tex. 2018). Nevertheless, Plaintiff's claims fail to demonstrate a connection between HII's contacts with Texas and the alleged injury under even the broadest causation analysis.

Defendant merely states that the purported calls were made by agents or employees of HII and were initiated at the direction of HII. These bare allegations are not supported by any other facts in the Complaint because they are not rooted in truth. Plaintiff cannot utilize such boilerplate assertions to hail HII into the forum. *See* Panda Brandywine Corp. v. Potomac Elec. Power Co., 253 F.3d 865, 869 (5th Cir. 2001).

Indeed, "supporting allegations may not be vague, overgeneralized, or conclusory." Head, 298 F. Supp. 3d at 973 (S.D. Tex. 2018) (citations omitted). Plaintiff's assertions regarding HII's connection to the alleged calls can be described as all three. The statements are conclusory because they provide no details explaining exactly who the call originated from or

how this alleged caller is related to HII in any way. It is also overgeneralized and vague because it merely states that calls were made by an employee *or* an agent of HII and that HII knew about, directed, "and/or" ratified the calls. Compl. ¶13. The Court's decision in *Head* accentuates that lumping allegations together in this fashion in hopes that one sticks is not sufficient to establish personal jurisdiction. *Id.*

Here, as in the facts before the Supreme Court in *Bristol-Myers*, there is no connection between HII's activities in Texas and the alleged calls made. Looking past the form language in the Complaint collapses Plaintiff's claim that the Court has specific jurisdiction over HII. None of HII's business activities in Texas resulted in any calls being made to Plaintiff.

### C. *Personal jurisdiction over HII cannot be established based on agency theory.*

If Plaintiff had put forth more than conclusory allegations that an agent of HII made these calls, a claim that the actions of the agent gives this Court a basis for exercising personal jurisdiction over HII is legally flawed. Any claim of personal jurisdiction based on a mere agency relationship has been foreclosed by the Supreme Court in *Daimler*. See *Bavikatte v. Polar Latitudes, Inc.*, 2015 WL 8489997, at *4 (W.D. Tex. Dec. 8, 2015); *see also Air Tropiques*, 2014 WL 1323046, at *11 (S.D. Tex. Mar. 31, 2014). Indeed, the Supreme Court in *Daimler* specifically invalidated agency as a basis for invoking personal jurisdiction because it "stacks the deck." 571 U.S. at 136.

To establish personal jurisdiction, the claims must arise out of contacts that the defendant itself created. *Air Tropiques*, 2014 WL 1323046, at *11 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). A call allegedly made by an agent of HII to Plaintiff is not a contact created by HII. To contrary, it is a contact initiated and made by a third party. The activities of a third party are not an appropriate consideration when determining whether HII's due process rights

8

would be violated by establishing jurisdiction over it in this matter. *See id*. Thus, for purposes of personal jurisdiction, there is no basis for imputing any of the actions of an alleged agent to HII.

## VI. CONCLUSION

This action should be dismissed for lack of personal jurisdiction over HII. HII's connection with Texas is wholly inadequate to satisfy the "at home" requirement for exercising general all-purpose general jurisdiction over this non-resident defendant.

Furthermore, HII's modest affiliations with Texas are unrelated to Plaintiff's claims. Therefore, the "but for" test is not satisfied and there is no basis for exercising case specific jurisdiction in this forum. Nor is there any basis for exercising personal jurisdiction over HII based upon an agency theory.

Dated: May 6, 2019

By: */s/ Garry W. O'Donnell*
**Garry W. O'Donnell, Esq.**
*Admitted pro hac vice*
Florida Bar No. 0478148
GREENSPOON MARDER LLP
One Boca Place
2255 Glades Road, Suite 400-E
Boca Raton, Florida 33431
Telephone: (561) 994-2212
Facsimile: (561) 807-7527
garry.odonnell@gmlaw.com
*Attorney-in-Charge for Defendant,*
*Health Insurance Innovations, Inc.*

Of Counsel:

    **John Irvine**
    Texas State Bar No: 10423300
    Fed. ID: 61399
    (713) 226-6605 (telephone)
    (713) 226-6205 (facsimile)
    jirvine@porterhedges.com
    **Jamie Godsey**
    Texas State Bar No: 24097741
    Fed. ID: 2771744
    (713) 226-6752 (telephone)
    (713) 226-6352 (facsimile)
    jgodsey@porterhedges.com
    **PORTER HEDGES LLP**
    1000 Main Street, 36th Floor
    Houston, Texas 77002

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document was filed with the Clerk of Court using the Court's CM/ECF system on this 6th day of May, 2019, which will generate notification to all counsel of record or pro se parties identified below, thereby notifying the following parties of record below:

**W. Craft Hughes, Esq.**
craft@hughesellzey.com
HUGHES ELLZEY, LLP
1105 Milford Street
Houston, Texas 77006
Telephone: (713) 322-6387
Facsimile:  (888) 995-3335
*Attorneys for Plaintiff, Monica Abboud*

**Steven L. Woodrow, Esq.**
*Admitted pro hac vice*
swoodrow@woodrowpeluso.com
**Patrick H. Peluso, Esq.**
*Admitted pro hac vice*
ppeluso@woodrowpeluso.com
**Taylor T. Smith, Esq.**
*Admitted pro hac vice*
tsmith@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile:  (303) 927-0809
*Co-Counsel for Plaintiff, Monica Abboud*

By: */s/ Garry W. O'Donnell*
       Garry W. O'Donnell, Esq.

11